El Pueblo de Puerto Rico, demandante y apelado, v. Gabriel Segarra, Jr., acusado y apelante.

No. 2943.—*Visto:* Diciembre 23, 1926. *Resuelto:* Abril 29, 1927.

1. Derecho Penal—Evidencia—Testimonio de Cómplices o Co-acusados—Cómplices Dentro de la Regla de Evidencia Sobre Corroboración—Quienes lo Son.—Un co-acusado que ha sido ya condenado, que declara en el juicio en contra del otro, tiene el concepto de cómplice.

2. Escalamiento—Proceso y Castigo—Evidencia—Suficiencia de la Misma—En General.—Cuando, descartada la declaración de un cómplice, no hay nada en la prueba que conecte al acusado con el delito imputádole, no cabe sostener una convicción.

Sentencia de la Corte de Distrito de Aguadilla condenando al acusado por delito de escalamiento en primer grado, sin costas. *Revocada.*

*José D. Rodríguez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Gabriel Segarra, Jr., fué acusado, en unión de Luis Mercado y Florencio López, como autor de un delito de escalamiento en primer grado, juzgado separadamente y condenado a sufrir dos años de presidio. No conforme apeló. Señala como errores la insuficiencia de la prueba y la admisión de ciertas declaraciones que califica de referencia.

Como el primer error fué cometido y es fundamental y lleva consigo la revocación de la sentencia, no será necesario examinar el segundo.

[1, 2] La prueba practicada en el juicio resumida por el propio fiscal de esta Corte Suprema, fué como sigue:

"Declaración del perjudicado, o sea de un tío del acusado, donde refiere que en su almacén le faltaron dos sacos de café, y que aunque el almacén se encontraba cerrado la noche anterior, a la mañana siguiente encontró una ventana abierta y notó la desaparición de dichos dos sacos de café. También se presentó la declaración de un comerciante de Lares, quien manifiesta que compró dicho café a razón de veinticuatro dólares el quintal a dos individuos, que se lo fueron a vender, pero que ninguno de ello lo era el acusado-apelante Gabriel Segarra, a quien sólo vió el día del juicio.

"Se presentó también por el Fiscal la declaración de los dos co-autores o cómplices en el delito y uno de ellos manifestó que estando en un velorio se le presentó el acusado-apelante Gabriel Segarra y le manifestó que fueran a casa de su tío, que le iba a coger un café y ellos podían venderlo y que estaba conforme en que le diesen ocho pesos y se quedasen con el resto de lo que obtuviesen por el café; que entonces fueron al almacén del perjudicado y el acusado Sega-rra se metió por una de las ventanas del establecimiento, sacó dos sacos de café y se los entregó a los dos acusados o cómplices, espe-rándoles hasta que realizasen para que le entregasen la participación en la venta.

"Hay que tener en cuenta y llamamos la atención de este Hon. Tribunal que uno de los cómplices o co-autores, o sea Luis Mercado, manifestó en el juicio que no era cierto que el acusado Segarra hubiese sacado del almacén el café, sino que por el contrario, fué el otro co-autor Florencio López quien sacó los dos sacos de café y ambos lo vendieron en el pueblo de Lares; que el citado Segarra no tomó participación en el hecho ni estuvo presente cuando se realizó.

"Con motivo de esta declaración presentada por el citado co-acusado el Fiscal le llamó la atención hacia la declaración prestada por éste ante el Juez Municipal de Lares con anterioridad, en la cual había manifestado que Segarra era el que había sacado los dos sacos de café y entonces él se ratificó en la declaración acabada de prestar manifestando que había dado la primera declaración por miedo a su cómplice o co-autor Florencio López, pero que lo cierto era lo declarado en el juicio.

"Con tal motivo el Fiscal presentó la primera declaración pres-tada ante el Juez Municipal por el citado Mercado.

"La prueba de descargo, en síntesis, tendió a demostrar que el acusado Segarra era sobrino del perjudicado y que por tanto tenía autorización de su principal para penetrar en dicho estableci-miento en cualquier momento y hasta para coger el café que se encon-traba en dicha tienda, ya que el propio padre refiere que el café, por ser de él también pertenecía a su hijo, quien podía disponer de él, porque también estaba encargado de sus intereses."

No hay duda alguna que Florencio López, el co-acusado que declaró en el juicio en contra del apelante cuando ya ha-bía sido condenado, tiene el concepto de cómplice del mismo.

Así se resolvió en el caso de *El Pueblo* v. *Robles,* 13

D.P.R. 309, donde esta corte, por medio de su Juez Asociado, Sr. McLeary, dijo:

"Un testigo que haya sido procesado juntamente con el acusado, y convicto del mismo delito que a éste se le imputa, tiene el concepto de cómplice, a los efectos del artículo 253 del Código de Enjuiciamiento, y como tal, su declaración tiene que estar corroborada con alguna otra prueba que por sí mismo tienda a relacionar al acusado con la comisión del delito, sin que esa prueba corroborante sea suficiente cuando tienda a establecer simplemente la existencia del *corpus delicti.*"

¿Existió prueba de corroboración? Oigamos nuevamente al Fiscal de esta Corte Suprema.

"Si descartamos la declaración del cómplice Florencio López no queda nada en la prueba que conecte al acusado con el delito.

"No hay prueba alguna de que se haya visto al acusado en los momentos del hecho rondando por el sitio, de que se haya visto al acusado, en momentos en que se vendieron los efectos, en compañía de los cómplices, y, en resumen, no hay nada en la prueba que demuestre que el acusado tomó participación en el hecho, a no ser la declaración del propio cómplice, quien refiere que el acusado fué el que penetró en el establecimiento y sacó los dos sacos de café."

Siendo ello así como lo es en efecto, tenemos que concluir que no existiendo prueba que corrobore la declaración del cómplice en la forma exigida por la jurisprudencia, *debe ser absuelto el acusado.*